PRICE LAW GROUP, APC
Stuart M. Price (SBN 150439)
15760 Ventura Boulevard, Suite 800
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
Stuart@pricelawgroup.com

Attorney for Plaintiff
GLADYS BELTRAN

# DISTRICT COURT OF CALIFORNIA

## IN THE CENTRAL DISTRICT

| | |
|---|---|
| GLADYS BELTRAN<br><br>              Plaintiff,<br><br>vs.<br><br>ADIR INTERNATIONAL, LLC D/B/A LA CURACAO a corporation; and DOES 1 to 10, inclusive,<br><br>              Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices)<br><br>Demand Does Not Exceed $10,000 |

## **COMPLAINT FOR DAMAGES**

### I.    INTRODUCTION

1. Gladys Beltran ("Plaintiff") brings this action against ADIR International, LLC d/b/a La Curacao ("Defendant") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").  The RFDCPA prohibits creditors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## II.     JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227 et seq., and 28 U.S.C. 1391(b)(2).

3. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue and personal jurisdiction in this District are proper because Plaintiff resides in this District, Defendant's collection communications were received by Plaintiff within this District and Defendant does or transacts business within this District.

## III.    PARTIES

5. Plaintiff is a natural person residing in Northridge, Los Angeles County, California 91325.

6. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiff is a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

7. Defendant is located at 1605 W. Olympic Blvd. #405 Los Angeles, Los Angeles County, CA 90015, and can be served with summons by serving an agent of the corporation at that location.

8. In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection. Thus, Defendant is a "debt collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c) and by the FDCPA, 15 U.S.C. § 1692a(6). Defendant regularly engages in the collection of debt by telephone in several states including, California.

9. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

10. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

11. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

13. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to itself.

15. During the course of its attempts to collect debts allegedly owed to itself, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

### IV. FACTUAL ALLEGATIONS

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

19. Plaintiff's alleged debt is money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by RFDCPA, CAL. CIV. CODE § 1788.2(f), as well as the FDCPA 15 U.S.C. 1692a.

20.     Between the dates of May 20, 2015 and June 7, 2015, Defendant caused Plaintiff's cellular telephone number (818) 297-8868 to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

21.     Between the dates of May 20, 2015 and June 7, 2015, Defendant caused Plaintiff's cellular telephone to ring no less than sixteen (16) times, calling from telephone number (213) 637-2202.

22.     Upon information and belief, the telephone number (213) 637-2202 belongs to Defendant

23.     The purpose of the repeated phone calls was to attempt to collect an alleged debt.

24.     Defendant is familiar with the TCPA, FDCPA, and RFDCPA.

25.     On May 20, 2015, at 2:49pm, Ms. Beltran spoke with a representative with La Curacao, stated that she did not have money to pay the debt, and requested that all information regarding the debt be sent to her by mail, and that all calls cease.  However, La Curacao continued to call her.

26.     Defendant's conduct was therefore willful under the TCPA.

27.     Defendant's conduct as described above was intended to harass, coerce, and intimidate Plaintiff into payment of the alleged debt, or to increase the amount Plaintiff was willing to pay.

28.     When answering Defendant's collection calls, Plaintiff would hear a pause before the caller started speaking.

29.     Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

//
//
//
//
//

## V.    CAUSE OF ACTION

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    (a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    (b) Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowingly and/or willfully violated the TCPA.

32. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

//

//

## COUNT II

## DEFENDNAT VIOLATED THE ROSENTHAL

## FAIR DEBT COLLECTION PRACTES ACT (CAL. CIV. CODE § 1788)

33. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

34. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

   (i) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

   (ii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

   (iii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

35. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and attorney's fees and costs.

//

//

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gladys Beltran respectfully requests that judgment be entered against Defendant for the following:

(a) Declaratory judgment that Defendant violated the RFDCPA; and

(b) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(c) Statutory damages of $1,000.00 pursuant to CAL. CIV. CODE § 1788.30(b); and

(d) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(e) Declaratory judgment that Defendant violated the FDCPA; and

(f) Actual Damages pursuant to 15 U.S.C. 1692k(a)(1); and

(g) Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k; and

(h) Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(3)

(i) Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(j) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(k) For such other and further relief as the Court may deem just and proper.

## VII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: December 4, 2015     PRICE LAW GROUP, APC

By: _/s/ Stuart M. Price_____
Stuart M. Price (SBN 150439)
**Attorney for Plaintiff, Gladys Beltran**